CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 02 2020
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DERRICK WADDELL ALLEN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:20-cv-38 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ANTHONY DEEL and 1st ) | By: Hon. Thomas T. Cullen |
| DEFENSE SECURITY & ) | United States District Judge |
| INVESTIGATIONS, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Derrick Waddell Allen brings this suit under 42 U.S.C. §§ 1983 and 1985 against Defendants Anthony Deel and Deel's employer, 1st Defense Security & Investigations ("FDSI"). The court permitted Allen to pursue his case *in forma pauperis*. When a court allows a plaintiff to proceed without prepayment of fees or costs, however, the court must conduct a *sua sponte* review of his allegations. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Having reviewed Allen's Complaint, the court finds that he has failed to state a claim upon which relief can be granted. The court will dismiss Allen's Complaint without prejudice and give him 30 days to file an Amended Complaint, if he so chooses.

I.

Allen's allegations are recited here as he pleaded them in his Complaint. For purposes of this motion, the court assumes his allegations are true.

On September 10, 2018, between 9:00 and 10:00 p.m., Allen was exiting an apartment at Cardinal Village, a housing complex in Danville, Virginia.[1] (Compl. ¶ 6.) Anthony Deel, an employee of FDSI, approached Allen. (*Id.*) Deel allegedly took an unopened beverage bottle from Allen's hand and opened it. (*Id.* ¶¶ 7–8.) Deel then accused Allen of having an open container. (*Id.* ¶ 7.) Allen alleges that Deel took him to "another area" where he poured out the full beverage. (*Id.* ¶¶ 8–10.) Deel then asked for Allen's identification, which he provided. (*Id.* ¶ 10.) Deel took Allen's identification and handed it to his partner, also an employee of FDSI. (*Id.* ¶ 11.)

Allen alleges that Deel's partner—who was standing behind Allen—threw a small "object" containing a "white powdery substance," which landed next to him. (*Id.* ¶¶ 12–13.) Deel picked up the object, accused Allen of possessing the "white powdery substance," and handcuffed Allen.[2] (*Id.*) Danville Police officers Gleber and Watlington arrived approximately 30 minutes later, and ultimately released Allen. (*Id.* ¶ 15.) Allen was never prosecuted for the possession of a controlled substance.[3] Allen was barred from "DRHA Cardinal Village, Cedar

---

[1] Attachments to Allen's complaint suggest the Danville Redevelopment & Housing Authority ("DRHA") manages, and possibly owns, Cardinal Village. The DRHA is not a party to this action. FDSI is the DRHA's security contractor. (*See* ECF No. 2-6 at 1.)

[2] Allen states that he was "arrested," but he does not allege that Deel was a law-enforcement officer or was otherwise authorized to arrest him. (*Id.* ¶ 13.)

[3] It is unclear from the materials before the court whether the Danville police officers ever "charged" Allen with possession of a controlled substance. In any event, a letter from Allen's attorney regarding related criminal matters indicates that the Commonwealth's Attorney's Office declined to prosecute Allen for possession of the "white powdery substance." (ECF No. 2-5 at 1.)

Place Pleasant View, [and] New Ingram Heights" after the incident. (*Id.* ¶¶ 15, 32; ECF No. 2-4 at 1[4].)

The following day, on September 11, Allen and his wife went to the "Cedar Terrace area" to visit their daughter, but they did not park their car on the "Cedar Terrace" property. (*Id.* ¶ 33.) Allen alleges that Deel "detained" his wife, and then "pulled [him] out of the vehicle stating, 'Didn't I tell you to stay off the property!'" (*Id.* ¶ 35.) Deel handcuffed Allen and filed a trespassing charge against him in Danville General District Court. (*Id.* ¶ 36.) Allen was given a six-month suspended sentence and fined for trespassing. (*Id.* ¶ 37.)

After those two incidents, Allen alleges that anytime he would visit the "area," Deel would verbally harass and threaten him, and tell him he was not supposed to be on the property. (*Id.* ¶ 38.) Allen alleges that he was charged two more times with trespassing, but that those charges were later "dropped."[5] (*Id.* ¶¶ 39, 50.) Allen also alleges that Deel continued threatening to file charges against him for possession of the "white powdery substance." (*Id.* ¶ 44.)

Allen brings claims for (1) fabrication of evidence, (2) defamation, (3) assault and battery, and (4) harassment under 42 U.S.C. §§ 1983 and 1985. In his request for relief, he seeks $5,000,000 in money damages, punitive damages, and for the court to "process and proceed with Criminal Charges against both defendants." (*Id.* at 12.)

---

[4] The court has placed the trespass notice under seal because it contains Allen's social security number and full date of birth.

[5] The submissions attached to the Complaint reflect three related criminal charges. Allen was charged with trespassing on May 14, 2019, and then "public swearing/intoxication" and "trespass after forbidden" on June 7, 2019. (*See* ECF Nos. 2-7, 2-8, 2-9.) The Commonwealth's Attorney's Office decided to "*nolle prosequi*," or voluntarily dismiss, these various charges. (*See id.*)

II.

When a plaintiff is proceeding *in forma pauperis*, the court must review the complaint to determine whether it should be dismissed because it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). The standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) also applies to the court's inquiry under 28 U.S.C. § 1915(e)(2)(B)(ii). *Jack v. Dawson*, No. 5:09-CV-00032, 2009 WL 1451644, at *1 (W.D. Va. May 20, 2009) (citation omitted). As such, the court must accept all well-pleaded allegations as true and review the complaint in a light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkar*, 7 F.3d 1130, 1134 (4th Cir. 1993). Even assuming the factual allegations in the complaint as true, the allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The pleadings of *pro se* litigants are accorded liberal construction and held to a less-stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction, however, does not mean that the court must ignore a clear failure to allege facts that set forth a cognizable claim under federal law. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

III.

A.

Allen fails to state any claims under § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

4

>privileges, or immunities secured by the Constitution and laws,
>shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. The Supreme Court has interpreted "under color" as requiring state action. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) ("The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the State?" (internal quotation marks and citation omitted)). As such, the defendant in a § 1983 claim "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). Private activity "will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action." *Id.* (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Here, Allen brought suit against two private parties: Deel and FDSI. Allen has not alleged that Deel and FDSI are state actors or that they have a sufficiently close relationship with any state actors—*e.g.*, the Danville Police Department—for the court to infer that the defendants' actions are those of the state. Even accepting as true Allen's allegations in the Complaint, he has not alleged state action, and thus the court cannot afford relief under § 1983.

B.

Allen also brings suit under 42 U.S.C. § 1985. Allen does not identify what subsection of this statute he wishes to proceed under. The court accordingly construes Allen's Complaint to proceed under § 1985(3), as the other two subsections of the statute are inapplicable here.[6]

The Supreme Court has held that claims under § 1985(3)—as opposed to § 1983—do not have a state-actor requirement. *Griffin v. Breckenridge*, 403 U.S. 88, 96-98 (1971). As such, § 1985 can reach "purely private conspiracies." *United Brotherhood of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 832-33 (1983). Even so, § 1985 is a "purely remedial rather than substantive statute; its aim is to provide an effective remedy for private conspiracies that violate otherwise existing rights." *Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 226 (6th Cir. 1991). To plead a claim under § 1985(3), a plaintiff must therefore "allege that he has suffered the violation of a right." *Id.* If that right "exists as against all actors, private as well as state, then no showing of state action is required." *Id.* If the right can only be violated by the state, "then the corresponding level of state action must be proven." *Id.*

Here, Allen does not allege with specificity what right Deel and FDSI allegedly violated. Even liberally construing the Complaint, the court cannot discern any allegations regarding the deprivation of "the equal protection of the laws." *See* 42 U.S.C. § 1985(3). Assuming *arguendo* that Allen has alleged a Fourth Amendment (and therefore Fourteenth Amendment) violation for an unlawful seizure, the claim still requires state action. *See Volunteer Med. Clinic, Inc.*, 948 F.2d at 226 ("[I]f the violation alleged is of a right protected only against state

---

[6] Subsection (1) prohibits unlawful behavior preventing an officer of the United States from performing his official duties. 42 U.S.C. § 1985(1). Subsection (2) prohibits obstructing justice and intimidating parties, witnesses, or jurors. *Id.* § 1985(2).

6

interference, such as the rights guaranteed under the Fourteenth Amendment, then the corresponding level of state action must be proven."). As discussed above, Allen has not alleged that any state actor violated his rights., including those protected under the Fourth or Fourteenth Amendments. The Complaint therefore fails to state a claim under § 1985(3) upon which this court can grant relief.

C.

One final matter remains. Allen has filed two motions for default judgment: one against Deel, and one against FDSI. (ECF Nos. 8, 9.) Because the court finds that Allen has failed to state a claim upon which relief can be granted, the court denies Allen's two motions for default judgment as moot.

IV.

For these reasons, the court will dismiss Allen's Complaint without prejudice, and grant him 30 days to file an Amended Complaint, if he so chooses. The court will also deny the two pending motions for default judgment (ECF Nos. 8, 9) as moot. A separate order will follow.

**ENTERED** this 2nd day of November, 2020.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE