CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 23 2021

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DERRICK WADDELL ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:20cv00038 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANTHONY DEEL and 1st DEFENSE | ) | By:  Hon. Thomas T. Cullen |
| SECURITY & INVESTIGATIONS, | ) |       United States District Judge |
| | ) | |
| Defendants. | ) | |

Plaintiff Derrick Waddell Allen filed this civil action under 42 U.S.C. §§ 1983 and 1985 against Defendant Anthony Deel and Deel's employer, 1st Defense Security & Investigations ("FDSI") (collectively "Defendants"). The court dismissed Allen's initial complaint under 28 U.S.C. § 1915 for failure to state a claim. He has since filed an amended complaint, which Defendants now move to dismiss (ECF No. 24). This motion is set for a hearing on March 26, 2021, via Zoom, but the court finds that oral argument would not aid the decisional process. The court will grant in part and deny in part Defendants' motion to dismiss.

Succinctly put, Allen alleges[1] that Defendants were hired by the City of Danville, an independent governmental entity, to provide security services at a housing project under the

---

[1] Certain salient and potentially relevant facts were included in Allen's original complaint but omitted from his amended complaint, which seems aimed at addressing the deficiencies noted in the court's memorandum opinion dismissing his original complaint for failure to state a claim. Giving Allen's pleadings the liberal construction afforded *pro se* filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the court will incorporate his allegations from the original complaint into those additional facts alleged in his amended complaint. *C.f. Conley v. Ryan*, 92 F. Supp. 3d 502, 523 (S.D.W. Va. 2015) ("Dismissal of a Section 1983 claim is not warranted where the only deficiency in the complaint is an inartfully pled legal theory."). The court previously discussed Allen's original allegations in its November 2, 2020, Memorandum Opinion (ECF No. 13), and incorporates that recitation of facts here.

authority of the Danville Redevelopment and Housing Authority. Pursuant to that grant of authority, Allen alleges that Deel "arrested" him and turned over "fabricated" evidence to the Danville Police Department. But charges were never filed. Allen brings claims against Deel and FDSI under 42 U.S.C. §§ 1983 and 1985.

In reviewing Allen's original complaint, the court found that Allen had not alleged state action under § 1983 or a sufficient nexus between the private actors and a governmental entity. In his amended complaint, Allen adds the allegation that Defendants were "hired" by the City of Danville "to act as state officials." Allen alleges that Deel "arrested" him while Deel was working in that capacity.

Section 1983 creates a private right of action against any person who, "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. Because of the "color of law" requirement, the defendant in a § 1983 action "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999).

In their motion to dismiss, Defendants do not address the full panoply of Allen's allegations against them contained in both complaints, likely (and understandably) due to the fragmented nature of Allen's amended complaint and the fact that Defendants were not aware that the court would view the whole of Allen's allegations across both complaints when it reviewed his claims. Even so, it is true that, under some circumstances, private individuals who

are contracted to carry out police actions have been held liable under § 1983 for constitutional violations. *See, e.g.*, *Romanski v. Detroit Ent., LLC*, 428 F.3d 629, 636–40 (6th Cir. 2005); *Rodriguez v. Smithfield Packing Co., Inv.*, 338 F.3d 348, 345–55 (4th Cir. 2003); *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627–30 (7th Cir. 1999). With that understanding, the court is persuaded that Allen could show a set of facts that would render Deel liable as a state actor. Although his allegations are sparse, the court finds that Allen has minimally alleged facts that, if proven, could establish a claim under § 1983. Accordingly, Deel's motion to dismiss that claim will be denied.[2] *See Rodriguez*, 338 F.3d at 355 ("[W]e are compelled to find that Priest was acting under color of state law when making arrests at the Tar Heel facility on August 22. It is beyond dispute that the police function is 'one of the basic functions of government,' a 'most fundamental obligation of government to its constituency.' And an arrest is 'the function most commonly associated with the police.'" (internal citations omitted)).

The same is not true of FDSI. A § 1983 claim will only lie against a "person" who acts under color of law. *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961). A business—such as FDSI—is not a "person," and therefore is not a proper defendant in a § 1983 action. *See, e.g.*, *Vinson v. Cannon*, No. 2:10-3214-HFF-BHH, 2011 WL 1624962, at *6 (D.S.C. Mar. 28, 2011) (holding that the Carolina Center for Occupational Health, "a South Carolina corporation . . . whose medical staff provides health care services to businesses, institutions, and individuals," was not a "person" subject to suit under § 1983). Allen's claims against FDSI will be dismissed.

---

[2] The question of whether an entity was a "state actor" is one of law and is better suited for summary judgment.

- 3 -

- 4 -

Allen also asserted a claim under 42 U.S.C. § 1985 in his original complaint, and it is unclear whether he has realleged it in his amended complaint. Regardless, his amended complaint does not allege facts that alter the court's analysis in its original Memorandum Opinion (ECF No. 13). The court incorporates its analysis from its prior opinion and will therefore grant Defendants' motion to dismiss Allen's § 1985 claim. Therefore, the only remaining claim in this lawsuit is Allen's § 1983 claim against Deel.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record and plaintiff.

**ENTERED** this 23rd day of March, 2021.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE